## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

KRISTIN PHILLIPS,
        - Plaintiff


        v.                              NO.  3:05CV81(CFD)(TPS)


BERLEX LABORATORIES, INC.,
        - Defendant

## RULING ON PLAINTIFF'S MOTION TO QUASH AND TO PRECLUDE DEFENDANT FROM MAKING USE OF IMPROPERLY OBTAINED DOCUMENTS

Currently pending before the court is Plaintiff's Motion to Quash and to Preclude Use of Improperly Obtained Documents. **(Dkt. #37.)** The plaintiff moves for an order preventing defendant from using personnel documents that plaintiff claims it improperly obtained, and requiring that defendant return copies of the personnel record to the plaintiff.  Plaintiff also requests reasonable attorney's fees.

### I.  FACTS

A brief recitation of the relevant facts as set forth in the motion is as follows.  Prior to working at defendant Berlex Laboratories, Inc. ("Berlex"), plaintiff had been employed by Pharmacia.  (Pl.'s Mem. Supp. Mot. 2.)  The Pfizer Corporation ("Pfizer") is a successor to Pharmacia.  (Id.)  On February 8, 2006, Berlex subpoenaed plaintiff's personnel file from Pfizer, and did not provide plaintiff with notice of the subpoena prior to serving it.  (Id.)  Defendant received a copy of the personnel file

on February 16, 2006.  (<u>Id.</u>)

On March 10, 2006, defendant took the deposition of David Phillips, plaintiff's husband, and relied upon information in the personnel file in questioning him.  (<u>Id.</u>)  At the end of the deposition, defendant provided plaintiff's counsel with a copy of this personnel file.  (<u>Id.</u>)  Defendant did not disclose that it had issued a subpoena to Pfizer until March 13, 2006, in response to plaintiff's inquiries.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 45(b)(1) states, "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Fed. R. Civ. Proc. 45(b)(1).  If prior notice is not provided, counsel may be sanctioned.  26 Moore's Federal Practice, § 45.03(4)(b)(iii) (Matthew Bender 3d ed. 2005).

The power to impose sanctions on attorneys is found either in the courts' inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936), or provided by statutes and rules created to implement the power. E.g., Fed. R. Civ. P. 11 (imposing sanctions in connection with papers presented to the court); Fed. R. Civ. P. 37 (allowing sanctions in connection with discovery); 28 U.S.C. §

1927 (permitting attorneys' liability for expenses of vexatious litigation).  Sanctions for the violation of Rule 45(b)(1) have previously been imposed by the Second Circuit.  See, e.g., Murphy v. Bd. of Educ. of Rochester Sch. Dist., 196 F.R.D. 220, 222-223 (W.D.N.Y. 2000)(ordering the payment of attorney's fees and costs where plaintiff's counsel issued twelve subpoenas without prior notice to the opposing parties.)  In addition to attorney's fees and costs, other inherent power sanctions available to courts include fines, contempt citations, disqualifications or suspensions of counsel, and drawing adverse evidentiary inferences or precluding the admission of evidence.  26 Moore's Federal Practice, § 11.41(5)(Matthew Bender 3d ed. 2005)

A finding of bad faith is ordinarily a prerequisite to the issuance of sanctions pursuant to the court's inherent sanctioning power.  Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); see also, United States v. Seltzer, 227 F.3d 36, 41-42 (clarifying the circumstances in which a finding of bad faith is required in order to impose sanctions on attorneys in the Second Circuit).  In addition, in order to impose inherent power sanctions, there must be "clear evidence" that the challenged actions were without color and were done "for reasons of harassment or delay or for other improper purposes."  Revson v. Cinque & Cinque, 221 F.3d 71, 78 (2000), citing Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986), cert. denied, 480 U.S. 918 (1987).  In addition, there must

-3-

be "a high degree of specificity in the factual findings of [the] lower courts." Id.

In making a determination concerning bad faith, the court must comply with the requirements of due process. Chambers, 501 U.S. at 50. Generally, the attorney or party to be sanctioned must be given both fair notice that his or her conduct is sanctionable, and a meaningful opportunity to be heard, either orally or in writing. Mackler Prods., Inc. v. Cohen, 146 F.3d 126, 129-130 (2d Cir. 1998); Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997).

### III.  DISCUSSION

The defendant clearly violated Federal Rule 45(b)(1) by failing to provide plaintiff's counsel with notice that it subpoenaed plaintiff's personnel records from Pfizer. However, the current record does not contain "clear evidence" that defendant purposefully withheld notice of the subpoena in bad faith with intent to prejudice the plaintiff. Further, in keeping with the requirements of due process, although the defendant has been afforded a written opportunity to be heard on issue of sanctions, it would be useful for the court to additionally receive an oral justification before making a determination on the issue of bad faith.

For these reasons, the court is reluctant to sanction defendant either by prohibiting it from using the improperly obtained documents or by imposing attorney's fees or costs at this

-4-

time.  Plaintiff's Motion to Quash **(Dkt. #37)** is **DENIED** as moot, for the parties' memoranda seem to indicate that Pfizer has already responded to the subpoena.  Plaintiff's Motion to Preclude Use of Improperly Obtained Documents **(Dkt. #37)** is **DENIED WITHOUT PREJUDICE** subject to a hearing into the circumstances surrounding the withholding of the personnel file.  The hearing may be scheduled, if appropriate, at the conclusion of all proceedings. Finally, defendant has represented that it will work with plaintiff's counsel to return records which were not requested from Pfizer. (Def.'s Mem. Opp. Mot. 3.)  Defendant is ordered to return these records, to the extent it has not already done so.

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges. As such, it is an order of the court.  <u>See</u> 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

**IT IS SO ORDERED** at Hartford, Connecticut this 11th day of May, 2006.

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**
